UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER ERRICO, an individual,<br><br>           Plaintiff,<br><br>    vs.<br><br>FED-EX FREIGHT, INC., a corporation,<br>DOES I through X, inclusive and ROE<br>CORPORATIONS I through X, inclusive,<br><br>           Defendants. | Case No.: 2:10-cv-01872-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#8) |

       Before the Court is Defendant FedEx Freight, Inc.'s **Motion to Dismiss** (#8, filed Dec. 30, 2010), for failure to state a claim. The Court has also considered Plaintiff Roger Errico's Opposition (#10, filed Jan. 16, 2011), and FedEx's Reply (#11, filed Jan. 26, 2011).

**BACKGROUND**

       This dispute arises out of Errico's allegedly discriminatory dismissal from employment with FedEx. The following facts are as alleged by Errico unless stated otherwise. FedEx randomly drug tests its employees as required by the Department of Transportation ("DOT"). On October 14, 2009, FedEx requested that Errico provide a urine sample for drug testing, however, Errico was unable to provide sufficient urine. The testers told Errico to remain

1

at the site and drink more water so as to provide a sufficient urine sample. Nonetheless, Errico was still unable to provide a sample. Errico was then directed to a specific, FedEx-approved clinic for a medical exam to determine if there was a medical reason for his failure to provide a sufficient sample. The next day, Errico went to the clinic where he was diagnosed with an enlarged prostrate which would cause difficulties with urination. On October 16, Errico returned to work and provided FedEx with his medical diagnosis. He then requested an alternative form of drug testing, such as blood or hair testing. FedEx denied this request. That same day, Errico was fired.

After being fired, Errico filed a disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), which he later amended to include a charge of age discrimination. After receiving a right to sue letter from the EEOC, Errico filed suit alleging (1) disability discrimination pursuant to Title VII and the Americans with Disabilities Act ("ADA"), (2) age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), (3) harassment, (4) retaliation, (5) wrongful termination, (6) breach of implied contract, (7) breach of the covenant of good faith and fair dealing, and (8) intentional infliction of emotional distress ("IIED"). Now before the Court is FedEx's motion to dismiss all claims except the disability and age discrimination claims. For the reasons discussed below, the Court grants the motion.

## DISCUSSION

### I.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise

above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

The "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)).  Therefore, the Court may examine Errico's EEOC charges without converting this motion to one for summary judgment.[1]

---

[1] Errico purports to attach his EEOC charges to the complaint. Nonetheless, the only document actually attached to the complaint is the EEOC right to sue letter, not the EEOC charges as claimed.  However, Errico does not dispute the authenticity of the copies of the charges attached to FedEx's motion. Additionally, Errico claims that he attached both a medical report and FedEx's drug testing policy to the complaint. Neither of these documents were actually attached. After this motion was fully briefed by the parties, however, Errico submitted an errata claiming to provide these two erroneously unattached documents. Amazingly, the errata did not provide an actual medical report but what appears to be a U.S. National Library of Medicine article describing the condition of having an enlarged prostrate. Regardless of the article's accuracy, it is certainly not a doctor's

3

## II. Analysis

### A. Harassment Claim

Errico's claim for harassment fails because he did not include his claim for harassment in his EEOC charge. Filing an EEOC charge is a prerequisite to pursuing claims of unlawful discrimination or harassment against an employer in Court. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). In order to meet this requirement, a claim asserted in Court need not have been specifically alleged in the EEOC charge, but the court claims must at least be sufficiently related that they could reasonably be expected to grow out of the language of the charge. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). In other words, a district "court must inquire whether the original EEOC investigation would have encompassed the additional charges made in the court complaint, but not included in the EEOC charge itself." *Sosa v. Hiraoko*, 920 F.2d 1451, 1456 (9th Cir. 1990) (internal quotations omitted). Here, the EEOC investigation would not have encompassed a harassment claim because such a claim would not reasonably grow out of the language of the charge.

To adequately plead harassment, a plaintiff must allege a "'pattern of ongoing and persistent harassment severe enough to alter the conditions of employment.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 959 (9th Cir. 2004) (quoting *Draper v. Couer Rochester, Inc.*, 174 F.3d 1104, 1108 (9th Cir. 1998)). Here, Errico did not allege a pattern of harassing treatment in his EEOC charge, he alleged that FedEx made him visit a doctor to determine why he couldn't provide sufficient urine for a drug test and then fired him when he told FedEx that he had an enlarged prostrate. At most this covers a two day period, though in his EEOC charge Errico wrote that the discrimination took place on a single day, the day he was fired. These are the same

---

medical report. Further, the supposed FedEx drug testing policy is labeled as having come from the U.S. Department of Transportation, not FedEx, and is titled "What Employers Need to Know About DOT Drug and Alcohol Testing: *Guidance and Best Practices*." While this theoretically may be incorporated into FedEx's own policy, the Court has no reason to believe this is so. Therefore, the Court will not consider either of these purported attachments to the complaint while considering this motion.

allegations that Errico makes in his complaint with this Court. These allegations are insufficient to allege a pattern of harassment as a matter of law and such a claim would not reasonably grow out of these charges. Therefore, the Court dismisses this claim as Errico both did not exhaust his administrative remedies and fails to adequately allege harassment in his complaint.

### B.  Retaliation Claim

Errico's retaliation claim also fails for failure to exhaust administrative remedies. Not only did Errico fail to check the box for retaliation on both his original and amended EEOC charges, the EEOC investigation would not have included retaliation because none of the facts he lays out in his charges is sufficient that one could reasonably expect a retaliation claim to grow out of them. In sum, Errico's EEOC charges describe claims for discrimination, not retaliation. Therefore, the Court dismisses this claim.

### C.  Public Policy Wrongful Termination Claim

Errico's claim for public policy wrongful termination claim fails. When considering a wrongful termination claim, the Nevada Supreme Court considers two requirements: (1) whether the employer violated strong and compelling Nevada public policy, and (2) the court determines whether there is an adequate statutory remedy. *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009). Errico claims that even though the Nevada Supreme Court has held that an employee claiming age discrimination may not bring a tortious wrongful termination claim, *Sands Regent v. Valgardson*, 777 P.2d 898, 899–900 (Nev. 1989), this Court should recognize such a claim where the employee claims disability discrimination rather than age discrimination. However, here, just as in *Sands Regent*, there is an adequate statutory remedy, namely, the ADA under which Errico brings one of his discrimination claims. Since there is an adequate statutory remedy, there is no need to expand wrongful termination into this realm and the Court declines to do so. *See id*. 791–92 (The Nevada Supreme Court "will not recognize an action for tortious discharge when a plaintiff has an adequate, comprehensive, statutory remedy.")

/

Errico argues that there is not a sufficient statutory remedy because the ADA caps damages, 42 U.S.C. § 1981a(b)(3), whereas damages from a tort claim would not be capped. Essentially, Errico asks the Court to allow him to bypass the statutory damages regime by allowing a tort alternative. This would actually be contrary to the different public policy of limiting damage awards expressed in the ADA. Accordingly, the Court dismisses Errico's wrongful termination claim.

### D. Contract Claims

Errico's breach of implied contract and breach of the covenant of good faith and fair dealing claims both fail. All employees in Nevada are presumed to be at-will. *Am. Bank Stationery v. Farmer*, 799 P.2d 1100, 1101 (Nev. 1990). "An employee may rebut this presumption by proving by a preponderance of the evidence that there was an express or implied contract between his employer and himself that his employer would fire him only for cause." *Id.* at 1101-02. However, "[u]ncorroborated assertions by an employee alleging the existence of a long-term employment contract do not overcome the presumption of at-will employment." *O'Brien v. Morgan Stanley DW, Inc.*, 2008 WL 4224409 at *4 (D. Nev. 2008) (citing *Yeager v. Harrah's Club, Inc.*, 897 P.2d 1093, 1096 (Nev. 1995)).

In his complaint, Errico only provides the Court with uncorroborated assertions and conclusory statements claiming that he had an implied contract. In Errico's opposition to the motion, he alleges the existence of an employee handbook which lays out specific termination procedures. While particular language in a handbook may support an "inference that the handbook formed part of the employment contract of the parties," *Sw. Gas Corp. v. Ahmad*, 668 P.2d 261, 261 (Nev. 1983), the existence of the handbook would have to be plead in the complaint. Since Errico did not plead the factual existence of the handbook, but merely concluded that he had an implied in fact contract limiting FedEx's ability to fire him, the Court must dismiss the breach of contract and breach of the covenant of good faith and fair dealing claims. However, the Court expressly does so without prejudice.

### E.  Intentional Infliction of Emotional Distress Claim

Errico conceded in his response that the IIED claim should be dismissed. Therefore, the Court dismisses the IIED claim by stipulation of the parties.

### F.  Doe and Roe Defendants

The Federal Rules of Civil Procedure do not provide for Doe and Roe pleading. If at some future time Errico decides that he wishes to move for leave to amend his complaint to add particular parties, he may do so. However, the Court dismisses the fictitious Doe and Roe defendants form this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#8) is GRANTED without prejudice.

Dated: May 6, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**